IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KATHRYN G. HASLOP,                )
                                  )
                Plaintiff,        )
                                  )
        v.                        ) Civil Action No. 06-298
                                  )
JO ANNE B. BARNHART,              )
COMMISSIONER OF                   )
SOCIAL SECURITY,                  )
                                  )
                Defendant.        )


MEMORANDUM JUDGMENT ORDER

AND NOW, this _10th_ day of January, 2007, upon due
consideration of the parties' cross-motions for summary judgment
pursuant to plaintiff's request for review of the decision of the
Commissioner of Social Security ("Commissioner") denying her
application for disability insurance benefits ("DIB") under Title
II of the Social Security Act ("Act"), IT IS ORDERED that the
Commissioner's motion for summary judgment (Document No. 9) be,
and the same hereby is, granted and plaintiff's motion for summary
judgment (Document No. 6) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an
obligation to weigh all of the facts and evidence of record and
may reject or discount any evidence if the ALJ explains the
reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d
Cir. 1999). Where the ALJ's findings of fact are supported by
substantial evidence, a reviewing court is bound by those
findings, even if it would have decided the factual inquiry
differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir.

2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. <u>Jones v. Sullivan</u>, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed an application for DIB on October 27, 2003, alleging disability beginning May 6, 2003, due to mental health problems. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on April 13, 2005, at which plaintiff appeared represented by counsel. On June 4, 2005, the ALJ issued a decision finding that plaintiff is not disabled. Plaintiff's subsequent request for review by the Appeals Council was denied on January 20, 2006, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 55 years old at the time of the ALJ's decision and is classified as an individual of advanced age under the regulations. 20 C.F.R. §404.1563(e). Plaintiff has a high school education. Plaintiff has past relevant work experience as a sales manager at a department store, but she has not engaged in substantial gainful activity since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the

meaning of the Act.   The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of major depressive disorder and post traumatic stress disorder, those impairments alone, or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1, 20 C.F.R., Subpart P, Regulation No. 4 (hereinafter, "Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform work at any exertional level with a number of non-exertional limitations.   Plaintiff requires work that does not involve sustained attention to detailed or complex tasks and that does not involve dealing with the public or maintaining close interaction and cooperation with co-workers (collectively, the "RFC Finding").   As a result of these limitations, the ALJ determined that plaintiff could not perform her past relevant work.   Nonetheless, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's vocational factors and residual functional capacity enable her to make an adjustment to other work that exists in significant numbers in the national economy, such as a dresser, garment sorter or personal caregiver.   Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months.   42 U.S.C. §423(d)(1)(A).   The impairment

%AO 72
(Rev. 8/82)

- 3 -

or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...."   42 U.S.C. §423(d)(2)(A).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598.  The process is sequential and follows a "set order" of inquiries.  20 C.F.R. §404.1520(a)(4).  The ALJ must determine:  (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity.  Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000).  If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary.  20 C.F.R. §404.1520(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at steps 3 and 5 of the sequential evaluation process.  At step 3, plaintiff claims that the ALJ's finding that her impairments do not meet or equal any listing in Appendix 1 is not supported by substantial evidence.  In addition, plaintiff asserts that the

ALJ's step 5 finding that she retains the residual functional capacity to perform work that exists in the national economy is not supported by substantial evidence. The court disagrees with plaintiff's arguments.

Plaintiff first challenges the ALJ's findings at step 3 of the sequential evaluation process. At step 3, the ALJ must determine whether the claimant's impairment matches, or is equivalent to, one of the listed impairments. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education or work experience, from performing any gainful activity. 20 C.F.R. §404.1525(a); Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000).

It is the ALJ's burden to identify the relevant listed impairment in the regulations that compares with the claimant's impairment. Burnett, 220 F.3d at 120 n.2. However, it is the claimant's burden to present medical findings that show her impairment matches or is equivalent to a listed impairment. Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992). In determining whether the claimant's impairment meets or equals a listed impairment, the ALJ must set forth the reasons for his decision. Burnett, 220 F.2d at 119.

Plaintiff's step 3 argument is that the ALJ erred in failing to find that she meets or equals the "A", "B" and "C" criteria of listing 12.04 (relating to affective disorders) or that she equals the "A" and "B" criteria of listing 12.06 (relating to anxiety

disorders).   Contrary to plaintiff's position, a review of the
record establishes that the ALJ employed the appropriate analysis
in arriving at his step 3 finding.   The ALJ analyzed the medical
evidence of record and found that plaintiff has major depressive
disorder and post traumatic stress disorder, which are severe
impairments.    The ALJ determined, however, that plaintiff's
impairments do not meet or equal a listed impairment.   The ALJ
stated that he considered the listings contained in sections 12.04
and 12.06, and he explained in detail his reasoning as to why
plaintiff's impairments do not meet or equal those listings.   (R.
22-25).

       In making the step 3 finding, the ALJ acknowledged that
plaintiff satisfies the "A" criteria of listings 12.04 and 12.06.
(R. 22).   However, as the ALJ correctly concluded, plaintiff does
not satisfy the "B" criteria of listing 12.04 or 12.06,[1] nor does
she satisfy the "C" criteria of listing 12.04[2] as she suggests.

---

[1]According to the "B" criteria of both 12.04 and 12.06, a
claimant must have at least two of the following: (1)   marked
restriction of  activities  of  daily  living;  or  (2)   marked
difficulties in maintaining social functioning; or (3) marked
difficulties in maintaining concentration, persistence or pace; or
(4)   repeated  episodes  of  decompensation,  each  of  extended
duration.

[2]To satisfy the "C" criteria of 12.04, a claimant must have
a documented history of a chronic affective disorder of at least
two years duration that has caused more than a minimal limitation
of ability to do basic work activities and one of the following:
(1)   repeated  episodes  of  decompensation,  each  of  extended
duration; or (2) a residual disease process that has resulted in
such marginal adjustment that even a minimal increase in mental
demands or change in the environment would be predicted to cause
the individual to decompensate; or (3) current history of one or
more years inability to function outside a highly supportive

With respect to the "B" criteria, the ALJ concluded that plaintiff has no limitations in activities of daily living, mild limitations in social functioning, mild limitations in concentration, persistence or pace, and one episode of decompensation. The court agrees with the ALJ's analysis and explanation as to why he made those findings, (R. 22-24), and concludes that the findings are supported by substantial evidence. In addition, the court notes that Dr. Pontzer's assessment of plaintiff's functional capabilities, as well as Dr. Carpenter's treatment records, support the ALJ's findings. See infra at 9-10. Further, with respect to the "C" criteria of listing 12.04, the ALJ properly determined that although plaintiff has had symptoms of depression and post traumatic stress for more than two years, the evidence of record does not establish the remaining elements of the "C" criteria. (R. 25).

The ALJ satisfied his burden; however, plaintiff failed to sustain her burden of showing that her impairments meet, or are equal to, a listing as explained above. For all of these reasons, the court finds that the ALJ's step 3 finding is supported by substantial evidence.

The court likewise finds that the ALJ's step 5 finding is supported by substantial evidence. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform

---

living arrangement.

consistent with her age, education, past work experience and residual functional capacity.   20 C.F.R. §404.1520(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §404.1545(a)(1); Fargnoli, 247 F.3d at 40.   In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions.   20 C.F.R. §404.1545(a)(4).

Here, plaintiff challenges the ALJ's step 5 finding on the following grounds: (1) the ALJ gave inadequate weight to the opinion of plaintiff's treating physicians; and (2) the ALJ's hypothetical question to the vocational expert did not include all of her limitations.   The court does not find these arguments to be persuasive.

Plaintiff first contends that the ALJ erred by giving inadequate weight to the opinion of her treating psychiatrist, Dr. Mary Pontzer, and to the opinion of Dr. Susan Carpenter, her treating psychologist.   A treating physician's opinion on the nature and severity of a claimant's impairment will be given controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other evidence of record.   20 C.F.R. §404.1527(d)(2); Fargnoli, 247 F.3d at 43.   Under this standard, neither Dr. Pontzer's nor Dr. Carpenter's opinion was entitled to controlling weight.

Plaintiff complains that the ALJ gave inadequate weight to a letter dated March 24, 2005 written by Dr. Pontzer in which she summarizes plaintiff's treatment status. (R. 229). Dr. Pontzer reported that plaintiff's mood is mixed, that a medication change resulted in plaintiff feeling more alert with a better mood, that she has post traumatic stress disorder symptoms and that her sleep is disturbed. (R. 229). Dr. Pontzer did not state that plaintiff is disabled, nor did she identify any functional limitations as a result of plaintiff's mental condition. Quite to the contrary, Dr. Pontzer completed a form entitled "medical assessment of ability to do work-related activities (mental)", in which she rated plaintiff as having "fair" to "unlimited/very good" ability in fifteen areas related to making occupational adjustments, performance adjustments and personal/social adjustments. (R. 226-27). Therefore, to the extent that plaintiff suggests the ALJ should have relied on Dr. Pontzer's March 24, 2005 letter to find that plaintiff is disabled, that suggestion lacks merit. The letter does not indicate plaintiff is disabled and Dr. Pontzer's assessment of plaintiff's capabilities also does not indicate that she is disabled.

Plaintiff also asserts that the ALJ disregarded Dr. Carpenter's opinion that she has marked difficulties in the area of social functioning. Despite Dr. Carpenter's notation to that effect on a check the box form (R. 180), her treatment notes contradict such an assessment. Dr. Carpenter's treatment notes indicate that plaintiff increased her social contacts with others

(R. 237, 258, 281), she saw friends and family (R. 239, 246, 254, 257), she attended dance class (R. 249), and she was in training to become a volunteer at a women's shelter.   (R. 237, 239). Therefore, Dr. Carpenter's assessment that plaintiff is markedly limited in the area of social functioning is not supported by the evidence.[3]

For all of the reasons discussed herein, the ALJ properly assessed the opinion of both Dr. Pontzer and Dr. Carpenter.   The ALJ explained his assessment of each doctor's respective opinion (R. 23, 25), and the court is satisfied that the ALJ's decision on this issue is supported by substantial evidence.

Plaintiff's final argument is that the ALJ's hypothetical to the vocational expert was flawed because it did not account for right cervical radiculopathy that resulted in plaintiff complaining of pain in the right side of her neck with radiation down her right arm.   An ALJ's hypothetical to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence.   Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987).    Here, the ALJ's hypothetical incorporated all of plaintiff's limitations that the evidence of record supported, including all of the factors that were the basis

---

[3]Plaintiff also notes that the ALJ's finding that she has mild limitations in social functioning is inconsistent with the state agency psychologist's assessment that plaintiff is moderately limited in that area.   Even if the ALJ had relied on the state agency psychologist's "moderate" assessment, a moderate limitation in social functioning does not establish that plaintiff is disabled.

of the RFC Finding.  The hypothetical did not include a limitation for right cervical radiculopathy because it is not supported by the evidence of record.

Although plaintiff now asserts that she is limited from a physical standpoint, plaintiff initially alleged she is unable to work only due to depression and post traumatic stress disorder. (R. 62).  Plaintiff testified at the hearing that she could not continue working because of anxiety, stress and an inability to concentrate.  (R. 312-13).  She did not testify that any physical problems prevented her from working.  (R. 310-318).  Furthermore, the record does not contain medical evidence to show that plaintiff has any functional limitations as a result of physical problems generally, or, in particular, as a result of cervical radiculopathy as she now claims.  An MRI of plaintiff's cervical spine showed only minor degenerative changes.  (R. 209).  There is no other medical evidence to suggest that plaintiff is limited in any way because of cervical spine problems.  Therefore, the court finds that the ALJ's hypothetical to the vocational expert fairly set forth every credible limitation established by the evidence of record.    Accordingly, the ALJ did not err in relying on the vocational expert's testimony to conclude that plaintiff can perform other work which exists in the national economy.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act.   The ALJ's findings and conclusions are supported by

substantial   evidence   and   are   not   otherwise   erroneous.

Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge


cc:   Suzanne J. Hayden, Esq.
      38 West Pike Street
      Canonsburg, PA 15317

      Lee Karl
      Assistant U.S. Attorney
      700 Grant Street
      Suite 4000
      Pittsburgh, PA 15219